**THE STATE OF NEW HAMPSHIRE**

**SUPREME COURT**

**In Case No. 2015-0478, <u>Mark Skiathitis v. City of Manchester Water Works</u>, the court on May 12, 2016, issued the following order:**

Having considered the briefs filed by the parties and the record submitted on appeal, we conclude that oral argument is unnecessary in this case. <u>See</u> <u>Sup. Ct. R.</u> 18(1). The plaintiff, Mark Skiathitis, appeals, and the defendant, the City of Manchester Water Works, cross-appeals, an order of the Superior Court (<u>Abramson</u>, J.), which granted a directed verdict to the defendant. We affirm.

The plaintiff sued the defendant for negligence, alleging that the defendant's failure to turn off his water for nonpayment resulted in a water leak in December 2010 and a basement "flood" in February 2011, causing there to be mold in the home. To establish his claim for damages, the plaintiff testified that, because his family had owned the home since it was first built in 1967, the home had "sentimental" value to him. Although the plaintiff submitted photographs that allegedly showed the damage caused by the December 2010 leak and February 2011 flood, he admitted that some of the damage they depicted was caused by other events. The plaintiff further testified that, at the time of the salient events, he was not living in the home, the electricity to the home had been disconnected in the summer of 2010 for non-payment, the home had no heat, and he had not drained the pipes or taken other steps to prepare the home for the winter of 2010-11. The plaintiff did not disclose any experts to testify about the damage to the home, including the cost of mold remediation. Nor did he submit any estimates of the cost to repair the damage to the home.

The trial court granted a directed verdict to the defendant because the plaintiff failed to submit sufficient evidence upon which the jury could award damages. The court determined that, without evidence establishing the amount of damages caused by the December 2010 leak and February 2011 flood or the cost of repair, and without expert testimony regarding the cause of the mold and the cost of mold remediation, the jury could base a damages award only upon its speculation.

On appeal, the plaintiff does not address the trial court's determination that expert testimony was required on the cause of mold and the cost of mold remediation. Instead, he asserts that expert testimony about the value of the residence was not required. Additionally, he argues that because many of the jurors were homeowners and one juror was a contractor, his testimony

constituted sufficient evidence upon which to base a damages award.  The plaintiff also argues that the trial court erred to the extent that it failed to allow the jury to award him either nominal or "sentimental" damages.  But see White v. Schnoebelen, 91 N.H. 273, 274 (1941) (explaining that negligence that results in only nominal damages does not give rise to a right of action).  The plaintiff acknowledges that, with regard to personal property, jurisdictions are divided as to whether sentimental damages are recoverable, but does not cite any cases in which a court has allowed a plaintiff to recover sentimental damages relating to real property.

"A party is entitled to a directed verdict only when the sole reasonable inference that may be drawn from the evidence, which must be viewed in the light most favorable to the nonmoving party, is so overwhelmingly in favor of the moving party that no contrary verdict could stand."  DeBenedetto v. CLD Consulting Eng'rs, 153 N.H. 793, 812 (2006).  Absent an unsustainable exercise of discretion, we will not reverse a trial court's ruling on a motion for directed verdict.  Id.

A party seeking to recover damages must prove the extent and amount of damages by a preponderance of the evidence.  Bailey v. Sommovigo, 137 N.H. 526, 531 (1993).  "Damages in tort must be proven with as much certainty as the nature of the tort and the circumstances permit."  Clipper Affiliates v. Checovich, 138 N.H. 271, 276 (1994) (quotation omitted).  Although "[p]roof of damages to the degree of mathematical certainty is not necessary, . . . [s]peculative losses are not recoverable."  Hydroform Prods. Corp. v. American Steel & Alum. Corp., 127 N.H. 187, 197 (1985) (discussing recovery of lost profits in a breach of contract claim).

As the appealing party, the plaintiff has the burden of demonstrating reversible error.  Gallo v. Traina, 166 N.H. 737, 740 (2014).  Based upon our review of the trial court's order, the plaintiff's challenges to it, the relevant law, and the record submitted on appeal, we conclude that the plaintiff has not demonstrated reversible error.  See id.

Because we have upheld the trial court's grant of a directed verdict to the defendant on damages, the defendant's cross-appeal, in which it contends that it was also entitled to a directed verdict on liability, is moot.

Affirmed.

Dalianis, C.J., and Hicks, Lynn, and Bassett, JJ., concurred.

**Eileen Fox,
Clerk**

2